**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: APPLICATION PURSUANT TO 28 U.S.C. § 1782 OF SCKIPIO TECHNOLOGIES S.I. LTD., <br><br>                     PETITIONER, <br><br>     -    To take the discovery of - <br><br> BROADCOM CORPORATION, <br><br>                     RESPONDENT. | Case No.  5:24-mc-80167-EJD <br><br> **[~~PROPOSED~~] PROTECTIVE ORDER** |

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this matter is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than this Action (defined herein), may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

To expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to

keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in anticipation of, preparation for, and in the conduct of, all proceedings in the Actions, to address their handling at the end of the Actions, and to serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of the Actions.

The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    <u>DEFINITIONS</u>

2.1    <u>Action</u>: the above-captioned 28 U.S.C. § 1782 application;  Sckipio's contemplated litigation in Germany against Deutsche Telekom;  any other German actions or proceedings between the parties of the foregoing proceedings that involve the Patent-in-Suit of the foregoing proceedings; and any appeals therefrom.

2.2    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.4    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.6    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

[PROPOSED] PROTECTIVE ORDER
CASE NO. 5:24-mc-80167-EJD

United States District Court
Northern District of California

CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.7     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     Expert: a person with specialized knowledge or experience in a matter pertinent to the Action who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in the Action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.9     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing or containing proprietary non-opensource or non-public domain computer code, build environment, and associated comments and revision histories, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.11     House Counsel: attorneys who are employees of a party to the Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.12     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to the Action.

2.13     Outside Counsel of Record: attorneys who are not employees of a party to the Action, but are retained to represent or advise a party to the Action, and 1) have appeared in the Action on behalf of that party or 2) were retained by a party to assist a law firm which has appeared on behalf

[PROPOSED] PROTECTIVE ORDER
CASE NO. 5:24-mc-80167-EJD

1   of that party in this Action.

2         2.14   <u>Party</u>: any party to the Action, including all its officers, directors, employees,

3   consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4         2.15   <u>Patent-In-Suit</u>: means European Patent No. 3,306,826.

5         2.16   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery

6   Material in the Action.

7         2.17   <u>Professional Vendors</u>: persons or entities that provide litigation support services

8   (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

9   organizing, storing, or retrieving data in any form or medium) and their employees and

10   subcontractors.

11         2.18   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as

12   "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

13         2.19   Receiving Party: a Party that receives Disclosure or Discovery Material from a

14   Producing Party.

15   3.    <u>SCOPE</u>

16         3.1    The protections conferred by this Stipulation and Order cover not only Protected

17   Material (as defined above), but also (1) any information copied or extracted from Protected

18   Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any

19   testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected

20   Material.  The protections conferred by this Stipulation and Order do not cover the following

21   information: (a) any information that is in the public domain at the time of disclosure to a

22   Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a

23   result of publication not involving a violation of this Order, including becoming part of the public

24   record through trial or otherwise; and (b) any information known to the Receiving Party prior to

25   the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained

26   the information lawfully and under no obligation of confidentiality to the Designating Party.

27         3.2    Nothing in this Order shall be construed to prejudice any Party's right to use any

28

United States District Court
Northern District of California

Protected Material in any court or tribunal or in any court or tribunal filing with the consent of the Producing Party or by order of any court or tribunal.  Any use of Protected Material in connection with the Actions shall be governed by the orders and procedures of the respective court or tribunal.

4.    DURATION

Even after final disposition of the Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

United States District Court
Northern District of California

1    Designation in conformity with this Order requires:

2    (a) <u>for information in documentary form</u> (e.g., paper, or electronic documents, but

3    excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

4    affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

5    ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected

6    material.  If only a portion or portions of the material on a page qualifies for protection, the

7    Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

8    markings in the margins) and must specify, for each portion, the level of protection being asserted.

9    A Party or Non-Party that makes original documents or materials available for inspection

10   need not designate them for protection until after the inspecting Party has indicated which material

11   it would like copied and produced.  During the inspection and before the designation, all of the

12   material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

13   ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants

14   copied and produced, the Producing Party must determine which documents, or portions thereof,

15   qualify for protection under this Order.  Then, before producing the specified documents, the

16   Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

17   CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected

18   Material.  If only a portion or portions of the material on a page qualifies for protection, the

19   Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

20   markings in the margins) and must specify, for each portion, the level of protection being asserted.

21   (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the

22   Designating Party identify on the record, before the close of the deposition, hearing, or other

23   proceeding, all protected testimony and specify the level of protection being asserted.  When it is

24   impractical to identify separately each portion of testimony that is entitled to protection and it

25   appears that substantial portions of the testimony may qualify for protection, the Designating Party

26   may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right

27   to have up to 21 days to identify the specific portions of the testimony as to which protection is

28

United States District Court
Northern District of California

1    sought and to specify the level of protection being asserted.  Only those portions of the testimony

2    that are appropriately designated for protection within the 21 days shall be covered by the

3    provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at

4    the deposition or up to 21 days afterwards if that period is properly invoked, that the entire

5    transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

6    ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

7    Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

8    other proceeding to include Protected Material so that the other parties can ensure that only

9    authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

10   (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition

11   shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

12   – ATTORNEYS' EYES ONLY."

13   Transcripts containing Protected Material shall have an obvious legend on the title page

14   that the transcript contains Protected Material, and the title page shall be followed by a list of all

15   pages (including line numbers as appropriate) that have been designated as Protected Material and

16   the level of protection being asserted by the Designating Party.  The Designating Party shall

17   inform the court reporter of these requirements.  Any transcript that is prepared before the

18   expiration of a 21-day period for designation shall be treated during that period as if it had been

19   designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

20   otherwise agreed.  After the expiration of that period, the transcript shall be treated only as

21   actually designated.

22   (c) for information produced in some form other than documentary and for any other

23   tangible items, that the Producing Party affix in a prominent place on the exterior of the container

24   or containers in which the information or item is stored the legend "CONFIDENTIAL" or

25   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

26   SOURCE CODE."  If only a portion or portions of the information or item warrant protection, the

27   Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the

28

United States District Court
Northern District of California

level of protection being asserted.

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle the Action, to include FRAND or other settlement discussions, before or after a formal complaint has been filed.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action

United States District Court
Northern District of California

1    has been terminated, a Receiving Party must comply with the provisions of section 15 below

2    (FINAL DISPOSITION).

3        Protected Material must be stored and maintained by a Receiving Party at a location and in

4    a secure manner that ensures that access is limited to the persons authorized under this Order.

5        7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered

6    by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

7    information or item designated "CONFIDENTIAL" only to:

8        (a) the Receiving Party's Outside Counsel of Record, employees of said Outside Counsel

9    of Record to whom it is reasonably necessary to disclose the information for this Action, and other

10   outside counsel, along with their employees to whom it is reasonably necessary to disclose the

11   information, retained by the Receiving Party to assist in this Action;

12       (b) the officers, directors, and employees (including House Counsel) of the Receiving

13   Party to whom disclosure is reasonably necessary for this Action and who have signed the

14   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

15       (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

16   reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement

17   to Be Bound" (Exhibit A);

18       (d) the instant court and its personnel;

19       (e) court reporters and their staff, professional jury or trial consultants, and Professional

20   Vendors to whom disclosure is reasonably necessary for this Action and who have signed the

21   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

22       (f) during their depositions, witnesses in the action to whom disclosure is reasonably

23   necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

24   unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed

25   deposition testimony or exhibits to depositions that reveal Protected Material must be separately

26   bound by the court reporter and may not be disclosed to anyone except as permitted under this

27   Stipulated Protective Order;

28

[PROPOSED] PROTECTIVE ORDER
CASE NO. 5:24-mc-80167-EJD

United States District Court
Northern District of California

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) any German court and its personnel in a case concerning the Action, subject to the provisions of Section 14.4;

(i)  outside counsel and their respective personnel, retained by Deutsche Telekom in a case concerning the Action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(j)  Deutsche Telekom employees who have a business need to review the Protected Material and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." only to:

(a) the Receiving Party's Outside Counsel of Record, employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action, and other outside counsel, along with their employees to whom it is reasonably necessary to disclose the information,  retained by the Receiving Party to assist in this Action;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed];

(c) the instant court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(f) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

(g) any German court and its personnel in a case concerning the Action, subject to the provisions of Section 14.4; and

(h) outside counsel and their respective personnel, retained by Deutsche Telekom in a case concerning the Action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a)(1)  Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a

1  written objection from the Designating Party.  Any such objection must set forth in detail the

2  grounds on which it is based.

3      (c) A Party that receives a timely written objection must meet and confer with the

4  Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

5  agreement within seven days of the written objection.  If no agreement is reached, the Party

6  seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as

7  provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

8  seeking permission from the court to do so.  Any such motion must describe the circumstances

9  with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or

10  the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and

11  suggest any additional means that could be used to reduce that risk.  In addition, any such motion

12  must be accompanied by a competent declaration describing the parties' efforts to resolve the

13  matter by agreement (i.e., the extent and the content of the meet and confer discussions) and

14  setting forth the reasons advanced by the Designating Party for its refusal to approve the

15  disclosure.

16      In any such proceeding, the Party opposing disclosure to Designated House Counsel or the

17  Expert shall bear the burden of proving that the risk of harm that the disclosure would entail

18  (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected

19  Material to its Designated House Counsel or Expert.

20  8.    PROSECUTION BAR

21      Absent the written consent of the Designating Party, any person who personally receives

22  materials—other than materials pertaining solely to a Designating Party's financial information,

23  sales and marketing activity, licensing activity, and similar damages-related information—

24  designated by another Party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

25  ("Barred Person") shall not be involved in any of the following activities for a Party or its

26  affiliates: advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending

27  patent applications, specifications, claims, and/or responses to office actions, or otherwise

28

United States District Court
Northern District of California

13

affecting the scope of claims in patent applications relating to the field of the invention of the Patents-in-Suit, in pre-grant proceedings before any foreign or domestic patent office. To avoid any doubt, activities subject to this Prosecution Bar do not include representing a Party or its affiliates in post-grant validity proceedings, including but not limited to reexaminations, limitations, nullity actions, or oppositions. Any information the Designating Party contends should be subject to the Prosecution Bar must be separately labeled "SUBJECT TO PROSECUTION BAR." This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information (as described above) is first received by the affected person and shall end six months after such access has ended.

Nothing in this Protective Order shall prevent any attorney from sending prior art to persons involved in prosecuting patent applications for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) in compliance with any duty of candor. Nothing in this paragraph shall prohibit any attorney of record in the Actions from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in these Actions. This Prosecution Bar applies to each individual reviewing the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material and does not impute to the law firm, institution, or company who employs the individual.

9.     SOURCE CODE

(a)     To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL –

1    ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and

2    7.4, with the exception of Designated House Counsel.

3            (c)      Any source code produced in discovery shall be made available for inspection on

4    reasonable notice from the Receiving Party, in the format in which the source code is kept by the

5    Producing Party in the ordinary course of business, during normal business hours or at other

6    mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed

7    upon location. The source code shall be made available for inspection on a secured computer in a

8    secured room without Internet access or network access to other computers, and the Receiving

9    Party shall not copy, remove, or otherwise transfer any portion of the source code onto any

10    recordable media or recordable device. The Receiving Party may request that software or other

11    tools be installed on the secured computer at its expense, and the Producing Party shall not

12    unreasonably refuse to install such software or other tools. The Producing Party may visually

13    monitor the activities of the Receiving Party's representatives during any source code review, but

14    only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

15            (d)      The Receiving Party may request paper copies of limited portions of source code

16    that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other

17    papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing

18    the source code other than electronically as set forth in paragraph (c) in the first instance. The

19    Receiving Party shall make reasonable efforts not to request an excessive number of consecutive

20    lines of code or an excessive number of aggregate pages for printing. The Producing Party shall

21    provide all such source code in paper form including bates numbers and the label "HIGHLY

22    CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source

23    code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set

24    forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving

25    Party is the "Designating Party" for purposes of dispute resolution.

26            (e)      The Receiving Party shall maintain a record of any individual who has inspected

27    any portion of the source code in electronic or paper form. The Receiving Party shall maintain all

28

United States District Court
Northern District of California

paper copies of any printed portions of the source code in a secured, locked area.  The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.  The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.  Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

10.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful

directive from another court.

11. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION</u>

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

United States District Court
Northern District of California

Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

14.    MISCELLANEOUS

14.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    Export Control.  Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material,

United States District Court
Northern District of California

including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4    Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 or the rules of the tribunal in which the filing is proposed to be made (such as § 145a PatG and § 16 para 1 GeschGehG in connection with § 172 no 2 GVG, as well as § 173 para 2 and § 174 para 3 GVG, in Germany and filings under a German court protective order, whether sought before filing or in connection with such filing).  Protected Material may only be filed under seal (or comparable requirements in the relevant forum) pursuant to an order from the relevant tribunal or comparable measure authorizing the sealing of the specific Protected Material at issue.  Further, if a third-party files a request for file inspection in Germany, the Producing Party may file a motion to exclude disclosure to the third party.  If the Producing Party has a need to file such a motion, the Receiving Party will not object to having documents or things filed under seal in the German Action.

Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

15.    FINAL DISPOSITION

Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in the Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and

United States District Court
Northern District of California

[PROPOSED] PROTECTIVE ORDER
CASE NO. 5:24-mc-80167-EJD

the time limits for filing an application for leave to file a further appeal to the German Federal Court of Justice or a petition for writ of certiorari to the Supreme Court of the United States, if applicable.

Within 60 days after the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: October 3, 2024        */s/ John S. Goetz*_____
                              John S. Goetz (Admitted *pro hac vice*)
                              Alexander Mazza (Admitted *pro hac vice*)
                              FISH & RICHARDSON P.C.
                              7 Times Square
                              20th Floor
                              New York, NY 10036
                              Tel: (212) 765-5070 / Fax: (212) 258-2291
                              goetz@fr.com
                              mazza@fr.com

                              Susmitha Sayana (Admitted *pro hac vice*)
                              FISH & RICHARDSON P.C.

[PROPOSED] PROTECTIVE ORDER
CASE NO. 5:24-mc-80167-EJD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

222 Delaware Ave
17th Floor
Wilmington, DE 19801
Tel: (302) 778-8417 / Fax: (302) 652-0607
sayana@fr.com

Seth M. Sproul (SBN 217711)
FISH & RICHARDSON P.C.
12860 El Camino Real
Ste 400
San Diego, CA 92130
Tel: (858) 678-4343 / Fax: (858) 678-5099
sproul@fr.com

Attorneys for Petitioner
Sckipio Technologies S.I. Ltd.

DATED: October 3, 2024          /s/ Matthew C. Holohan
                                Matthew C. Holohan (SBN 239040)
                                QUARLES & BRADY LLP
                                8744 Kendrick Castillo Way, Suite 560
                                Highlands Ranch, Colorado 80129
                                Desk: 303-381-9891
                                matthew.holohan@quarles.com

                                *Attorney for Respondent*
                                *Broadcom Corporation*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:     October 9, 2024          _____
                                    EDWARD J. DAVILA
                                    United States District Judge

[PROPOSED] PROTECTIVE ORDER
CASE NO. 5:24-mc-80167-EJD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *In re: Application Pursuant to 28 U.S.C. § 1782 of Sckipio Technologies S.I. Ltd. v. Broadcom Corporation*, No. 5:24-mc-80167-EJD.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                    [printed name]

Signature: _____
                    [signature]

[~~PROPOSED~~] PROTECTIVE ORDER
CASE NO. 5:24-mc-80167-EJD